IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BERNARD KATZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 18-213 (MN) |
| WILLIE FELDMAN, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM

**I.  INTRODUCTION**

Plaintiff, Bernard Katz, ("Katz"), who appears *pro se*, commenced this action on February 6, 2018, against Defendants Willie Feldman ("Feldman"), individually, and Salem Botanicals, Inc. ("Salem Botanicals") alleging fraud during an arbitration proceeding and asking the Court to set aside an arbitration award. (D.I. 1). The matter proceeds on the Third Amended Complaint. (D.I. 9). Katz also filed an Amended Motion to Vacate an American Arbitration Association Award Order. (D.I. 5). The proper vehicle for a party seeking vacatur of an arbitral award is by motion, not by filing a complaint. *See* 9 U.S.C. § 1, *et seq.*; *Pfeffer v. Wells Fargo Advisors, LLC*, 2017 WL 2269541, at 2 (S.D.N.Y. May 23, 2017). Feldman has filed an Amended Counterclaim for judgment and lien against Katz and Telesonic Corp. (D.I. 7).

**II.  BACKGROUND**

Katz asks the Court to set aside the arbitration award *In the Matter of the Arbitration between Salem Botanicals Inc. v. Telesonic Packaging Corp.*, Case Number: 01-17-0002-9404, heard before the American Arbitration Association Commercial Arbitration Tribunal on January 2, 2018. (*See* D.I. 1; D.I. 5 at 15). The arbitrator awarded Salem Botanicals, the Claimant, $40,380.75 and denied Telesonic Packaging Corp.'s counterclaim. (D.I. 5 at 15). Katz filed a

Complaint, Amended Complaint, and Third Amended Complaint in this Court appealing the award. (D.I. 1, 4, 9). On October 29, 2018, Salem Botanicals and Angela Giampolo, both of whom were named as defendants in the Third Amended Complaint, were dismissed for failure to serve process pursuant to Fed. R. Civ. P. 4(m). (*See* D.I. 12). Feldman is the only defendant in this action.[1]

Katz is not a named party in the arbitration matter. In the original Complaint and the Amended Complaints Katz appeals the arbitration award as "owner of Telesonic, a sole proprietorship." (D.I. 1; D.I. 4; D.I. 9 at 2). Courts have allowed sole proprietors to appear *pro se* on behalf of their business entity. *See Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007). "Telesonic" is not a party to the underlying arbitration matter.

The Motion and Amended Motion to Vacate the Arbitration Award were filed by Katz as "owner of Telesonic Packaging Corporation," and seek to vacate the arbitration award. (D.I. 3, 5 at 2). Telesonic Packaging Corp. is the Respondent in the arbitration matter. The word "Corporation" or the abbreviation "Corp." connotes a corporation, not a sole proprietorship. *See e.g.*, *Winkler v. Andrus*, 594 F.2d 775, 777 (10th Cir. 1979). A corporation may appear in the federal courts only through licensed counsel. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993). Katz, a non-attorney, may not represent the interests of a corporation in this Court.[2]

---

[1] Feldman did not file an answer to the Third Amended Complaint.

[2] Katz may not have it both ways; identifying "Telesonic" in the complaint as a sole proprietorship, and then identifying it in the motion to vacate the arbitration award as "Telesonic Packaging Corporation." As noted, the Respondent in the arbitration proceeding was Telesonic Packaging Corp.

2

Feldman, who also appears *pro se*, filed a counterclaim against Katz (D.I. 6) which he later amended (D.I. 7). Feldman is a managing member of Salem Botanicals. (*Id*. at 10). Like Katz, he was not a party to the arbitration. The Amended Counterclaim asks the Court to confirm the arbitration award in favor of Salem Botanicals, and enter judgment against Katz and Telesonic Corp. in the amount of the arbitration award. Like Katz, Feldman is not an attorney, and he may not represent the interests of a corporation in federal court.

## III.  DISCUSSION

### A.  Legal Standards

Every Court has the inherent authority to manage the cases on its docket "with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). In addition, "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S.Ct. 1885, 1892 (2016). Finally, the Court has broad discretion in deciding whether to dismiss an action with prejudice pursuant to its inherent authority to manage its docket. *See Lee v. Krieg*, 227 F. App'x 146, 148 (3d Cir. 2007) ("We reiterate that the court has broad discretion in deciding whether to dismiss an action with prejudice under Rule 41(b) or pursuant to its inherent authority to manage its docket.").

### B.  Proper Parties and Jurisdiction

Typically, the proper parties to a suit challenging an arbitration award are the same as those in the underlying arbitration proceeding. *See e.g.*, *Pham v. Financial Industry Regulatory Auth., Inc.*, 2013 WL 633398, at *3 (N.D. Cal. Feb. 20, 2013) (proper challenge to an award is an action to vacate it brought against the other party, the real adversary). The arbitration award was issued

in favor of Claimant Salem Botanicals, named as a defendant in this action, but who was not served, and has been dismissed. Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co. Ltd.*, 484 U.S. 97, 104 (1987). Because Salem Botanicals was never served, the Court does not have jurisdiction over it.

Feldman, who was not a party to the underlying arbitration proceeding, is the sole defendant. Plaintiff alleges that he is the "owner" of Salem Botanicals, while Feldman indicates that he is its managing member. To the extent Katz seeks to recover from Feldman personally, in essence, he asks the Court to pierce Salem Botanicals' corporate veil. The pleadings do not indicate this issue was presented at arbitration and, therefore, it is not considered by the Court. The Court lacks the authority to determine any alleged personal liability of Feldman.

In his Amended Counterclaim, Feldman seeks recovery on behalf of Salem Botanicals against Telesonic Corp., which he refers to as a corporation. Telesonic Packaging Corp. was the Respondent in the underlying arbitration matter. Neither Telesonic Corp nor Telesonic Packing Corp. were named as Plaintiffs in the original Complaint or any of the Amended Complaints. Nor does the Court docket reflect it was served with process or that it answered the Amended Counterclaim. As a result, the Court lacks personal jurisdiction over it. *See Omni*, 484 U.S. at 104.

The Court does not have personal jurisdiction over either party to the underlying arbitration matter and lacks authority to resolve issues not raised in the arbitration proceeding. Therefore, the

motion to vacate the arbitration award will be denied without prejudice, and the Third Amended Complaint and the Amended Counterclaim will be dismissed without prejudice.[3]

## C. Standing

In the alternative, the matter is dismissed for lack of standing. The Court is obligated to address the issue of standing *sua sponte*. *See FOCUS v. Allegheny Cty. Court of Common Pleas*, 75 F.3d 834, 838 (3d Cir. 1996); *see also Frempong v. National City Bank of Indiana*, 452 F. App'x 167, 170 (3d Cir. 2011) ("Courts are obligated to raise the issue of standing *sua sponte*.").

Generally, the validity of an arbitration agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. Katz moves to set aside the award pursuant to 9 U.S.C. § 10. Section 10 provides that the "court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration." 9 U.S.C. § 10(a). "[B]y the express terms of the statute, a nonparty to the arbitration generally has no standing to challenge the award." *Marshall v. Wells Fargo Advisors, LLC*, 668 F. App'x 874, 875 (11th Cir. 2016) (citation omitted) (collecting cases). As discussed above, Katz was not a party to the arbitration proceeding and, therefore, does not have standing to move to vacate the award.

## D. Corporations and Attorneys

Finally, it is clear that both Katz and Feldman raise their claims, defenses, and counterclaims on behalf of corporate entities. They are not attorneys and may not do so in federal court. *See Rowland v. California Men's Colony*, 506 U.S. at 201-02.

---

[3] Given Katz's and Feldman's *pro se* status, all matters will be dismissed without prejudice, even though the Court has the discretion to dismiss them with prejudice.

### E. Counterclaim

The Court will also dismiss Feldman's Amended Counterclaim raised against Katz and Telesonic Corp. for two reasons. First, the Court does not have personal jurisdiction over Telesonic Corp. as it has never been served. Second, the Amended Counterclaim speaks specifically to the arbitration award and Katz was not a party to that action. Therefore, the Counterclaim will be dismissed.

## IV. CONCLUSION

For the above reasons, the Court will: (1) deny without prejudice Plaintiff's Amended Motion to Vacate Arbitration Award (D.I. 5); (2) dismiss without prejudice the Third Amended Complaint (D.I. 9); and (3) dismiss without prejudice Feldman's Amended Counterclaim (D.I. 7).

An appropriate order will be entered.

_____
The Honorable Maryellen Noreika
United States District Judge

January 18, 2019
Wilmington, Delaware