IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BERNARD KATZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 18-213 (MN) |
| | ) |
| WILLIE FELDMAN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM

**I.  INTRODUCTION**

Plaintiff, Bernard Katz, ("Katz"), who appears *pro se*, commenced this action on February 6, 2018, against Defendants Willie Feldman ("Feldman"), individually, and Salem Botanicals, Inc. ("Salem Botanicals") alleging fraud during an arbitration proceeding and asking the Court to set aside an arbitration award. (D.I. 1). Feldman filed an Amended Counterclaim for judgment and lien against Katz and Telesonic Corp. (D.I. 7). On January 18, 2018, the Court denied without prejudice Katz's Amended Motion to Vacate Arbitration Award (D.I. 5), dismissed without prejudice the Third Amended Complaint (D.I. 9), and dismissed without prejudice Feldman's Amended Counterclaim (D.I. 7). Katz has filed a Letter/Motion for Reconsideration with exhibits, and Feldman has filed a Motion to Confirm Arbitration Award as Judgment. (D.I. 19, 20, 21). The Court turns first to the Letter/Motion for Reconsideration.

**II.  MOTION FOR RECONSIDERATION**

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or

(3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

Katz moves for reconsideration on the grounds that Telesonic Packaging Corp. is a sole proprietorship and not a corporation and, therefore, he is an appropriate party in this matter and has standing to appear *pro se* on its behalf. This action was dismissed without prejudice on January 18, 2019, based upon the Court's lack of jurisdiction. Katz does not mention this Court's lack of jurisdiction. Instead he dwells on the lack of standing that the Court found was an alternative reason for dismissal.

Salem Botanicals, Inc., claimant in the underlying arbitration matter, was never served. Nor was Telesonic Packaging Corp., respondent in the underlying matter, ever named as a Plaintiff in this action. While Katz points the Court to a State case that allowed him to proceed *pro se* on behalf of Telesonic Packaging Corp., the Court notes that the named defendant in the State case was Bernard Katz, sole proprietor d/b/a Telesonic Packaging Corp. (*See* D.I. 20-1 at 1). Here, the only Plaintiff is Bernard Katz, *pro se*; not Bernard Katz, d/b/a Telesonic Packaging Corp. For purposes of jurisdiction, it matters not that Katz does business as Telesonic Packaging Corp. Telesonic Packaging was never a named Plaintiff. In addition, while Feldman filed a "counterclaim"[1] against Telesonic Packaging Corp., the record reflects that Telesonic Packaging Corp. was not properly served and never answered the counterclaim.

The Court lacks jurisdiction over this matter. As a result, Katz's motion fail on the merits because he has not set forth any intervening changes in controlling law, new evidence, or clear

---

[1] Because Telesonic Packaging Corp. is not a party, the property characterization of the claim is a third-party complaint. *See* Fed. R. Civ. P. 14.

errors of law or fact made by the Court to warrant granting reconsideration with regard to the issue of jurisdiction. *See Max's Seafood Café*, 176 F.3d at 677. Therefore, the motion for reconsideration will be denied.

### III. <u>MOTION TO CONFIRM ARBIRTRATION AWARD AS JUDGMENT</u>

Feldman asks the Court to confirm the underlying arbitration award and enter judgment. (D.I. 21). The motion will be denied. As noted in the Courts January 18, 2019, Feldman is not an attorney and may not represent the interests of Salem Botanicals, Inc. Salem Botanicals, Inc. must be represented by counsel. Moreover, Salem Botanicals, Inc. has never been served, and the Court does not have jurisdiction over it.

### IV. <u>CONCLUSION</u>

For the above reasons, the Court will: (1) deny Katz' Letter/Motion for Reconsideration (D.I. 19) and (2) deny Feldman's Motion to Confirm Arbitration Award (D.I. 21). The case remains closed.

An appropriate order will be entered.

_____
The Honorable Maryellen Noreika
United States District Judge

March 22, 2019
Wilmington, Delaware